Electronically Filed
3/1/2019 1:34 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
E-Mail: james@mwinjury.com
KATIE E. GOLDBERG, ESQ.
Nevada Bar No. 13493
E-Mail: katie@mwinjury.com
**MAINOR WIRTH, LLP**
6018 S. Ft. Apache Rd., Ste. 150
Las Vegas, Nevada 89148
Phone: (702) 464-5000
Fax: (702) 463-4440
*Attorneys for Plaintiff*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

|  |  |
|---|---|
| JUANA A. CRUZ DE RAMIREZ, an individual, | CASE NO: A-19-790291-C |
| Plaintiff, | CASE NO:<br>DEPT. NO. |
| vs. | Department 26 |
| CARDENAS MARKETS, LLC aka CARDENAS, a foreign limited liability company; LAMANZA LLC, a domestic limited liability company; DOE MAINTENANCE COMPANY 1-10; DOE INDIVIDUALS 1-20; and ROE BUSINESS ENTITIES 1-20, inclusive, | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, JUANA A. CRUZ DE RAMIREZ., by and through her attorneys, JAMES D. URRUTIA, ESQ. and KATIE E. GOLDBERG, ESQ., of MAINOR WIRTH, LLP, and for her causes of action against Defendants, and each of them, complain and allege as follows:

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

## JURISDICTION AND PARTIES

1. Plaintiff JUANA A. CRUZ DE RAMIREZ is, and at all times mentioned herein was, a resident of the County of Clark, State of Nevada.

2. Defendant CARDENAS MARKETS, LLC aka CARDENAS (hereinafter referred to as "CARDENAS") is, and at all times mentioned herein was, a foreign limited-liability company or other business entity, licensed to do business in the County of Clark, State of Nevada.

3. Defendant LAMANZA LLC (hereinafter referred to as "LAMANZA") is, and at all times mentioned herein was, a domestic limited liability company or other business entity, licensed to do business in the County of Clark, State of Nevada.

4. Defendants DOE MAINTENANCE COMPANIES 1-5 are the owners, managers, agents or contractors in control of maintaining the common areas at Cardenas Market, located at 4700 Meadows Lane, Las Vegas, Nevada 89107 and keeping it free from hazardous conditions.

5. Defendants DOE INDIVIDUALS 1-5, and ROE BUSINESS ENTITIES 1-5 are other owners or operators of the Premises located at 4700 Meadows Lane, Las Vegas, Nevada 89107, commonly known as Cardenas Market.

6. Defendants DOE INDIVIDUALS 6-20 and ROE BUSINESS ENTITES 6-20 are the managers or controllers of common areas of the Premises.

7. The true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners associations presently unknown. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8. At all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

**GENERAL ALLEGATIONS**

9. CARDENAS did not have policies and procedures in place to hire, train and/or supervise its employees or agents on how to maintain the premises and keep its business invitees or the general public free from personal injuries.

10. On or about March 22, 2017, Plaintiff was a business invitee of CARDENAS and was on the premises legally and within normal conforms of the business.

11. As Plaintiff entered the doors of CARDENAS, Plaintiff slipped and fell on an unknown substance on the floor.

**FIRST CAUSE OF ACTION**

*Negligence: All Defendants*

12. Plaintiff incorporates paragraphs 1 through 11 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

13. Defendants, by and through its agents, employees and predecessor corporation(s) and owner(s), owed a duty to the public, including Plaintiff, to exercise reasonable care to secure its premises in a manner reasonably safe for the use of the public and invitees.

14. Defendants, had a duty to take such precautions as were reasonably necessary to protect its invitees, including Plaintiff, from physical injury.

15. Defendants knew, or in the exercise of reasonable care should have known, that no individual, including Plaintiff, had it within their own power to take the measures necessary to provide for their own maintenance and/or up keep on the premises of Cardenas Market, and that the Defendants themselves and/or its agents, employees and/or predecessor corporations were in the best position to take reasonable and necessary measures to prevent physical injury. That Defendants are legally liable for any negligence, carelessness and/or breaches of the standard of care on behalf of any management of the premises on the date of injury of Plaintiff by virtue of its assuming the liabilities of the predecessor owner and/or operator.

16. Defendant was negligent, careless and breached its duty of reasonable care for the safety and protection of the public, invitees, including Plaintiff in one or more of the following was:

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

a.  By failing to provide adequate safety precautions for the public and invitees, including Plaintiff, of the premises;

b.  By failing to adequately train and supervise maintenance personnel provided for the public and invitees of the premises, including Plaintiff;

c.  By failing to hire and employee competent personnel to provide and maintain a safe environment for the public and its invitees of said premises, including Plaintiff;

d.  By failing to warn, protect, guard, and secure the safety of Plaintiff or others similarly situated members of the public, when the Defendant knew or should have known of the existence of the danger to those individuals occupying the premises.

17.  Defendants' negligence directly and proximately caused Plaintiff's serious injury.

18.  As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.  That said services, care, and treatment are continuing and shall continue in the future.

19.  As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities, which have caused, and shall continue.

20.  As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### SECOND CAUSE OF ACTION
*Premise Liability:  Defendants CARDENAS and LAMANZA*

21.  Plaintiff incorporates paragraphs 1 through 20 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

22.  The Defendant Owners, the Defendant Maintenance Company, and/or its agents were in control and possession of the premises at the time Plaintiff was injured on the premise.

. . .

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

4

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

23.   The Defendant Owners, the Defendant Maintenance Providers, and/or its agents owed a duty of reasonable care to Plaintiff as to not subject Plaintiff to unreasonable risks of harm or injury.

24.   The Defendant Owners, the Defendant Maintenance Providers, and/or its agents had a duty to take reasonable precautions to protect Plaintiff from dangers which were foreseeable.

25.   The Defendant Owners, the Defendant Maintenance Companies, and/or its agents breached these duties of care in relation to Plaintiff's use of its premise by, among other ways, failing to make safe known and foreseeable dangerous conditions.

26.   The Defendant Owners, the Defendant Maintenance Providers, and/or its agents further breached these duties of care in relation to Plaintiff's use of its premise by, among other ways, failing to provide, install, utilize and/or implement reasonable and inexpensive safety rules and/or safety devices which would have prevented the harm suffered by Plaintiff.

27.   The Defendant Owners, the Defendant Maintenance Providers, and/or its agents breach is, and was, the actual cause of the damages, losses, harms and injuries suffered by Plaintiff.

28.   The Defendant Owners, the Defendant Maintenance Providers, and/or its agents breach is, and was, the proximate cause of the damages, losses, harms and injuries suffered by Plaintiff.

29.   As a result of the foregoing breach by the Defendant Owners, the Defendant Maintenance Providers, and/or its agents, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed $15,000.

30.   As a further direct and proximate result of the breach the Defendant Owners, the Defendant Maintenance Providers, and/or its agents, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

31.   As a further direct and proximate result of the breach by the Defendant Owners, the Defendant Maintenance Providers, and/or its agents, Plaintiff's life expectancy has been permanently and substantially diminished.

32. As a further direct and proximate result of the breach by the Defendant Owners, the Defendant Maintenance Providers, and/or its agents, Plaintiff has lost wages and have experienced a diminished earning capacity in an amount to be proven at the time of trial.

33. As a further direct and proximate result of the breach by the Defendant Owners, the Defendant Maintenance Providers, and/or its agents, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

### THIRD CAUSE OF ACTION
*Negligent Hiring, Training, Supervision, and Retention:*
*Defendants CARDENAS, LAMANZA; DOE MAINTENANCE COMPANIES 1-10; 1-15,*
*DOE INDIVIDUALS 1-15, and ROE BUSINESS ENTITIES 1-15*

34. Plaintiff incorporates paragraphs 1 through 33 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

35. The Defendant Owners, the Defendant Maintenance Companies, and/or its agents owed Plaintiff a duty of care in the hiring, training, supervising, and retention of its employees responsible for maintenance of the Premises and who worked for the Defendant Owners, the Defendant Maintenance Companies, and/or its agents.

36. The Defendant Owners, the Defendant Maintenance Companies, and/or its agents breached this duty by not exercising ordinary and reasonable care in the hiring, training and supervision of its employees responsible for safety of the premises.

37. That among other things, the Defendant Owners, the Defendant Maintenance Companies, and/or its agents failed to properly screen, train, supervise, and retain its employees responsible for maintenance of the premises with respect to how to maintain and secure the safety of its invitees.

38. The Defendant Owners' and/or the Defendant Maintenance Companies' and/or its agents' breach is/are, and was/were, the actual cause of the damages, losses, harms and injuries suffered by Plaintiff.

. . .

. . .

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

39. The Defendant Owners' and/or the Defendant Maintenance Companies' and/or its agents' breach is/are, and was/were, the proximate cause of the damages, losses, harms and injuries suffered by Plaintiff.

40. As a result of the foregoing breach by the Defendant Owners, the Defendant Maintenance Companies, and/or its agents, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed $15,000.

41. That as a further direct and proximate result of the breach by the Defendant Owners, the Defendant Maintenance Companies, and/or its agents, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

42. That as a further direct and proximate result of the breach by the Defendant Owners, the Defendant Maintenance Companies, and/or its agents, Plaintiff's life expectancy has been permanently and substantially diminished.

43. That as a further direct and proximate result of the breach by the Defendant Owners, the Defendant Maintenance Companies, and/or its agents, Plaintiff has lost wages and have experienced a diminished earning capacity in an amount to be proven at the time of trial.

44. As a further direct and proximate result of the breach by the Defendant Owners, the Defendant Maintenance Companies, and/or its agents, and Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

### FOURTH CAUSE OF ACTION
#### *RES IPSA LOQUITUR as to Defendants CARDENAS and LAMANZA*

45. Plaintiff repeats, realleges, and incorporates herein by this reference, each and every allegation contained in Paragraphs 1 through 44 set forth above as if fully set forth herein.

46. Plaintiff is informed and believes that at all times material herein, Defendants had exclusive legal control of the premises and instruments of harm.

. . .

47.     The incident, and the injuries resulting therefrom, are those that do not ordinarily occur in the absence of negligence.

48.     Pursuant to the doctrine of Res Ipsa Loquitur and the clear negligence of the Defendants, Plaintiff has suffered damages in excess of Fifteen Thousand Dollars ($15,000.00).

49.     Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1.     General damages sustained by Plaintiff in an amount in excess of $15,000;

2.     Special damages to be determined at the time of trial;

3.     Medical and incidental expenses already incurred and to be incurred;

4.     Lost earnings;

5.     Interest at the statutory rate;

6.     Reasonable attorney's fees and costs of suit; and

7.     For such other relief as the Court deems just and proper.

. . .

. . .

. . .

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

## PLAINTIFFS' DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, by and through her attorneys, MAINOR WIRTH, LLP, and hereby demand a trial by jury of all issues in the above-entitled matter.

DATED THIS _____ day of March, 2019.

**MAINOR WIRTH, LLP**


_____
JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
KATIE E. GOLDBERG, ESQ.
Nevada Bar No. 13493
6018 S. Ft. Apache Rd., Ste. 150
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*